UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IDA WILLIAMS

              Plaintiff,

v.                                CIVIL CASE NO. 06-cv-14127

MACOMB-OAKLAND REGIONAL       HONORABLE STEPHEN J. MURPHY, III
CENTER, a Michigan non-profit
corporation,

              Defendant
_____/

**ORDER OVERRULING OBJECTIONS TO THE**
**REPORT AND RECOMMENDATION AND DISMISSING CAUSE OF ACTION**

INTRODUCTION

Plaintiff Ida Williams, presently proceeding *pro se*, originally filed this action on September 19, 2006. The plaintiff filed an amended complaint on July 2, 2007 [docket entry #52]. The plaintiff, an adult foster care provider, asserts claims arising out of her contractual arrangement with the non-profit corporation Macomb-Oakland Regional Center ("MORC"). MORC assists in the placement of adults requiring foster care. The plaintiff asserts claims of discrimination based upon her race and national origin, and a claim of retaliation based upon her filing of EEOC complaints against the defendant.

On December 7, 2007, the defendant filed a motion for summary judgment [docket entry #66]. The plaintiff filed a response to the motion [docket entry #70] and the defendant filed a reply [docket entry #74]. Magistrate Judge R. Steven Whalen filed a Report and Recommendation on August 29, 2008, recommending that the defendant's motion be

granted and that the plaintiff's claims be dismissed with prejudice. The magistrate judge also notified the parties that objections to the Report and Recommendation must be filed within ten days. On September 3, 2008, the plaintiff filed a motion for an extension of time to file objections [docket entry #100]. The defendant did not file a response to the motion to extend the deadline to file objections. The plaintiff filed her objections on September 17, 2008 [docket entry #103]. The defendant then filed a response to the objections on September 29, 2008 [docket entry #105].

## LEGAL STANDARD

The Court's standard of review for a magistrate judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett,* 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions *de novo. Lardie,* 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72, that states, in relevant part:

> **Resolving Objections**. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Here, because the plaintiff filed objections, this Court reviews *de novo* those portions to which an objection has been made. *See Lardie,* 221 F. Supp. 2d. at 807. *De novo*

review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie,* 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the Report and Recommendation. *See id*; 12 Wright, Federal Practice § 3070.2.

ANALYSIS

In the present case, Magistrate Judge R. Steven Whalen recommended that the plaintiff's claims be dismissed on several grounds. More specifically, Magistrate Judge Whalen concluded: (1) Plaintiff failed to state a claim under Title VII because she was not an employee of the defendant, *see Christopher v. Stouder*, 936 F.2d 870, 877 (6th Cir. 1991); (2) alternatively, the Court lacks subject matter jurisdiction over the plaintiff's national origin claim because she did not present the claim in her EEOC complaint, *see Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998); (3) claims of national origin are not cognizable under 42 U.S.C. § 1981*, see Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987); (4) the plaintiff

3

failed to present direct evidence of discrimination, *see Terbovitz v. Fiscal Court of Adair County*, 825 F.2d 111, 114-5 (6th Cir. 1987), and even if indirect evidence was found to substantiate her claims, the plaintiff is unable to rebut MORC's non-discriminatory reasons for terminating the contract with her, *see McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973); (5) the plaintiff was unable to demonstrate any causal connection between her protected activity of filing a charge with the EEOC and her adverse action of being terminated from participation with MORC, *see Morris v. Oldham County Fiscal Court,* 201 F.3d 784, 792 (6th Cir. 2000)(citations omitted). Accordingly, the magistrate judge recommended that each of the plaintiff's claims be dismissed.

The plaintiff filed objections, essentially rehashing the arguments already presented in her previous filings. In particular, the plaintiff argues that the defendant MORC improperly terminated her contract based upon racial and national origin animosity against the plaintiff.

The Court has conducted the requisite *de novo* review on these issues and finds the plaintiff's objections without merit. The plaintiff has failed to identify any deficiency of substance in Magistrate Judge Whalen's Report and Recommendation. Instead, she has attempted to recharacterize the facts in a light that is not supported by any of the available evidence. Furthermore, the plaintiff has failed to effectively challenge the Magistrate Judge Whalen's conclusions with respect to her status as an independent contractor rather than an employee, the Court's lack of subject matter jurisdiction over her claims of national origin discrimination, and the inability to assert claims of discrimination based upon national

4

origin under § 1981. As a result of the foregoing analysis, the Court finds the Report and Recommendation of Magistrate Judge R. Steven Whalen both factually and legally sound. The objections will be overruled and the Report and Recommendation will be accepted and adopted as the order of this Court.

ADDITIONAL MATTERS

The plaintiff has also filed two motions for reconsideration [docket entries #108 and 109] of Magistrate Judge Whalen's October 28, 2008 order [docket entry #107] denying the plaintiff's "Motion to Reset Pretrial and Jury Trial Dates" [docket entry #101]. The plaintiff's original motion argued that the pretrial and trial dates were improperly adjourned. The plaintiff also requested that the dates be immediately reset. Magistrate Judge Whalen denied the plaintiff's motion without prejudice as premature because the objections to the Report and Recommendation, and therefore the dispositive motion for summary judgment as well, were still pending. The plaintiff now seeks review of that nondispositive order.

Nondispositive orders issued by a magistrate judge are governed by the terms of 28 U.S.C. § 636(b)(1)(A). This section states: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Rule 72(a) of the Federal Rules of Civil Procedure further provides:

> **Nondispositive Matters**. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The

> district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

According to the Supreme Court and the United States Court of Appeals for the Sixth Circuit, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (Gadola, J.) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992)).

In the present case, the plaintiff fails to demonstrate that the magistrate judge's order denying her request to immediately set new dates for the pretrial conference and the trial was clearly erroneous. Indeed, new dates could not be set as long as the then pending objections as to the dispositive motion were outstanding because the magistrate judge had no way of knowing when the Court would resolve the objections and rule on the dispositive motion. *See also* E.D. Mich. LR 16.1(f) ("If a timely-filed dispositive motion remains pending on the tenth day before the scheduled date for submitting the final pretrial order, that date and the final pretrial conference shall be postponed and rescheduled to a date no earlier than 10 days after the date of decision on the motion. . . . Any scheduled trial date shall also be rescheduled accordingly.") As a result, the order denying the plaintiff's motion was not clearly erroneous and the plaintiff's motions for reconsideration are without merit. Furthermore, because the Court has now resolved the objections and determined that the plaintiff's complaint will be dismissed, the motions requesting new dates for the pretrial

conference and trial are moot.

CONCLUSION

After conducting the requisite de novo review, the Court concludes that Magistrate Judge R. Steven Whalen's Report and Recommendation is both factually and legally sound.

Accordingly, **IT IS HEREBY ORDERED** that the plaintiff's motion to extend the deadline to file objections [docket entry #100] is **GRANTED**.

**IT IS FURTHER ORDERED** that the objections to the Report and Recommendation filed by the plaintiff [docket entry #103] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the August 29, 2008 Report and Recommendation of Magistrate Judge R. Steven Whalen [docket entry #98] is **ACCEPTED AND ADOPTED** as the order of the Court.

**IT IS FURTHER ORDERED** that the plaintiff's motions [docket entries # 108 and 109] for reconsideration of Magistrate Judge Whalen's October 28, 2008 order are **DENIED**.

**IT IS FURTHER ORDERED** that the cause of action is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

                                                  s/Stephen J. Murphy, III
                                                  STEPHEN J. MURPHY, III
                                                  UNITED STATES DISTRICT JUDGE

Dated: November 19, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 19, 2008, by electronic and/or ordinary mail.

                                s/Alissa Greer
                                Case Manager